```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MALIK DERRY,                        :
                                    :
            Petitioner,             :     1:19-cv-06141-NLH
                                    :
     v.                             :     OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____:
```

**APPEARANCES:**

MALIK DERRY
65331-050
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

    *Petitioner Pro se*

RACHAEL A. HONIG, ACTING UNITED STATES ATTORNEY
PATRICK C. ASKIN, ASSISTANT UNITED STATES ATTORNEY
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for Respondent*

**HILLMAN**, **District Judge**

    Malik Derry ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Respondent United States opposes the petition. For the reasons that follow, the Court will deny the § 2255 motion. No certificate of appealability will issue.

**I.   BACKGROUND**

On March 18, 2013, Petitioner was charged in a criminal complaint with conspiracy to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  On June 4, 2014, the United States charged Petitioner and 16 other defendants with a 125-count superseding indictment, including charges for conspiracy to distribute 1 kilogram or more of heroin and possession of firearms and the brandishing and discharge of firearms in furtherance of a drug trafficking crime.[1]  United States v. Derry, 1:14-cr-00050-NLH-5.

In July 2015, Petitioner and his paternal half-brother, Mykal Derry, proceeded to trial in a jury trial before this Court.  On August 18, 2015, the jury returned a verdict, finding Petitioner guilty of Count 1 (conspiracy to distribute 1 kilogram or more of heroin), Count 10 (possession of firearms in

---

[1] Petitioner was one of a total of 34 defendants who were charged by criminal complaint with the same conspiracy to distribute 1 kilogram or more of heroin in and around the Stanley Holmes Public Housing Complex in Atlantic City, New Jersey in March 2013.  All 34 defendants were convicted on felony narcotics charges in the United States District Court: twenty-eight of the defendants entered guilty pleas to felony narcotics charges and six defendants were convicted after jury trials.  There were two trials.  The first trial was held before the Honorable Joseph E. Irenas, U.S.D.J., in November 2014 - January 2015 and involved four defendants.  The convictions were affirmed by the Third Circuit Court of Appeals.  See United States v. Bailey, 840 F.3d 99 (3d Cir. 2016).  The second trial was held before a jury in this Court in July - August 2015, and involved step-brothers Mykal Derry and Petitioner.

2

furtherance of a drug trafficking crime and the discharge of firearms in furtherance of a drug trafficking crime), and Counts 74, 75, 76, 84, 85, 106, 107, 110 (using a communication device in furtherance of a drug trafficking crime).

At the sentencing hearing on August 19, 2016, this Court calculated Petitioner's guideline range and sentenced Petitioner to life imprisonment on Count 1, a consecutive 120-month sentence on Count 10, and 48 months on each of the counts of conviction for using a phone in furtherance of a drug trafficking crime to run concurrently to Count 1.  Petitioner's total sentence was life imprisonment plus 120 months consecutive to the life sentence.  The Court also imposed a 10-year period of supervised release.

Petitioner appealed his conviction to the Third Circuit Court of Appeals.  On June 22, 2018, the Third Circuit affirmed Petitioner's conviction and sentence.  See United States v. Derry, 738 F. App'x 107 (3d Cir. 2018).  Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied by the Supreme Court on October 15, 2018.  See Derry v. United States, 139 S. Ct. 290 (2018).

On February 19, 2019, Petitioner filed a motion to correct, vacate, or set aside his sentence.  The Court ordered Respondent to answer, which it did on June 17, 2019.  On September 19, 2019,

3

Petitioner filed a motion for the appointment of *pro bono* counsel.

In his § 2255 petition, Petitioner argues that his counsel at trial and on appeal was ineffective because he failed to raise the issue of double jeopardy. Specifically, Petitioner argues that his convictions on various counts were based on the same underlying conduct and he has been punished twice for the same conduct in violation of the Double Jeopardy Clause in the Fifth Amendment to the U.S. Constitution. Petitioner also argues that the Court impermissibly sentenced him for lesser-included offenses in addition to the greater offenses, which is evidenced by the improper imposition of $100 special assessments for these lesser-included offenses.

## II.  STANDARD OF REVIEW

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under Strickland v. Washington, a claim of ineffective assistance of counsel requires a petitioner to show that (1) defense counsel's performance was deficient and (2) the deficiency actually prejudiced the petitioner. 466 U.S. 668, 687

(1984).  The first Strickland prong is satisfied if defense counsel made errors that were serious enough such that counsel was not functioning as the "counsel" that the Sixth Amendment guarantees.  Id.  This is a high standard, especially given the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  A court must be "highly deferential" to a defense counsel's decisions and should not "second-guess counsel's assistance after conviction." Strickland, 466 U.S. at 689; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996).

For the second Strickland prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

### III. DISCUSSION

#### A.   No evidentiary hearing will be held

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief.  28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).  Here, the record conclusively demonstrates that Petitioner is not entitled to

5

relief; therefore, the Court will not conduct an evidentiary hearing.

    **B.   Petitioner's counsel was not ineffective**

"In accord with principles rooted in common law and constitutional jurisprudence, we presume that where two statutory provisions proscribe the 'same offense,' a legislature does not intend to impose two punishments for that offense." Rutledge v. U.S., 517 U.S. 292, 297 (1996) (citations omitted). Whether a defendant has been punished twice for the "same offense" is determined by applying the rule set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). Id. If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. (citing Blockburger, 284 U.S. at 304). Two different statutes define the "same offense" typically because one is a lesser-included offense of the other. Id.

Here, Petitioner was convicted of Count 1 for "Conspiracy to Distribute and Possess With Intent to Distribute within 1,000 Feet of a Public Housing Complex 1 Kilogram or more of Heroin." (1:14-cr-00050-NLH, Docket No. 885 at 1.) In Count 1, Petitioner

6

was convicted of violating 21 U.S.C. § 846,[2] the conspiracy charge.  The Judgement for Count 1 reflects the offenses underlying the conspiracy charge:  21 U.S.C. §§ 841(a)(1) and (b)(1)(A),[3] distributing 1 kilogram or more of heroin, and 21 U.S.C. § 860,[4] distributing at a public housing facility.[5]  (Id.) Petitioner was also found guilty of Count 10 for violating 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2, "Discharge of a Firearm in Connection with a Drug and Trafficking Crime,"[6] and found guilty

---

[2] 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

[3] 21 U.S.C. § 841(a)(1) ("Unlawful acts - Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."); 21 U.S.C. § 841 (b)(1)(A) ("[A]ny person who violates subsection (a) of this section shall be sentenced . . . In the case of a violation of subsection (a) of this section involving-- 1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .").

[4] 21 U.S.C. § 860 (concerning a person who "violates section 841(a)(1) of this title or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of . . . a housing facility owned by a public housing authority").

[5] The Judgment also references 21 U.S.C. § 851, which concerns proceedings to establish prior conviction.  (1:14-cr-00050-NLH, Docket No. 885 at 1.)

[6] 18 U.S.C. § 924(c)(1)(A)(iii) ("Except to the extent that a greater minimum sentence is otherwise provided by this subsection

7

in Counts 74, 75, 76, 84, 85, 106, 107, 110 of violating 21 U.S.C. § 843(b), "Use of a Communication Facility to Further a Drug Trafficking Crime."[7]  (Id.)

Petitioner was ordered to pay to the United States a special assessment of $100.00 for each of Counts 1, 10, 74, 75, 76, 84, 85, 106, 107, 110 for a total special assessment of $1,000.00, which was due immediately.  (Id.)

The Court also ordered that Petitioner was committed to the custody of the United States Bureau of Prisons to be imprisoned:

- Count 1 - a term of Life

---

or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-- . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.").

[7] 21 U.S.C. § 843(b) ("It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.").

- Counts 74, 75, 76, 84, 85, 106, 107, and 110 - a term of 48 months on each, to run concurrently to Count 1
- Count 10 - a term of 120 months to run consecutively to Count 1

That produced a total term of imprisonment of Life plus 120 months.  (1:14-cr-00050-NLH, Docket No. 885 at 2.)

Petitioner argues that all of these counts are based on the same underlying conduct and therefore his conviction and sentence on counts other than Count 1 constitute a double punishment for the same conduct in violation of the Double Jeopardy Clause.  Petitioner further argues that he was sentenced separately for lesser-included offenses, as evidenced by the special assessment for each of the ten counts for which he was found guilty, and this also violates the Double Jeopardy Clause.  Petitioner contends that his lawyer at both the trial level and the appellate level was ineffective because he failed to raise these issues, which has prejudiced him.

Petitioner's arguments are without merit.  As set forth above, "[u]nder the Double Jeopardy Clause, courts may not impose greater punishment than the legislature intended to impose for a single offense."  U.S. v. Centeno, 793 F.3d 378, 392 (3d Cir. 2015) (quoting United States v. Miller, 527 F.3d 54, 70 (3d Cir. 2008) (internal quotation marks omitted).  "For the purpose of double jeopardy analysis, two offenses are the same if one is a

9

lesser-included offense of the other under the 'same-elements' (or Blockburger) test." Id. (citing Miller, 527 F.3d at 71; Blockburger, 284 U.S. at 304). "The key inquiry under the 'same-elements' or 'Blockburger' test is whether each offense contains an element not contained in the other; if not, they are the same offense." Id. (citations and alterations omitted).

Petitioner was convicted of violating three different statutes, each of which has elements different from the others, as noted above. Count 1 concerns conspiracy, Count 10 concerns using a firearm, and the other counts concern using a cell phone in furtherance of a crime, with each of those eight counts representing a separate occasion that Petitioner used a cell phone in furtherance of drug trafficking. Although the convictions arise out of the same events in March 2013 that occurred in and around the Stanley Holmes Public Housing Complex in Atlantic City, New Jersey, the elements of the crimes Petitioner committed do not contain the same elements. Thus, this Court did not impose greater punishment than the legislature intended to impose in violation of the Double Jeopardy clause.

Petitioner points to Rutledge v. U.S., 517 U.S. 292, 297 (1996) and U.S. v. Jackson, 443 F.3d 293, 301-02 (3d Cir. 2006) to support his arguments. In Rutledge, the Supreme Court held that conspiracy under 21 U.S.C. § 846 is a lesser included offense of the crime of maintaining a continuing criminal

10

enterprise, forbidden by 21 U.S.C. § 848.  Rutledge, 517 U.S. at 297.  The Supreme Court also held that the imposition of a special assessment constitutes "punishment" under the Double Jeopardy Clause.  Id. at 301.  As a result, the Supreme Court concluded that imposition of a special assessment for convictions under both sections 846 and 848 "amounts to cumulative punishment not authorized by Congress."  Id. at 303.

Similarly, in Jackson, the Third Circuit concluded that § 841(a)(1) is a lesser-included offense of possession with intent to distribute within 1,000 feet of public housing under § 860(a).  The Third Circuit found that the district court erred by sentencing the defendant separately for both offenses, as indicated by the $200, rather than $100, special assessment.  Jackson, 443 F.3d at 301.

Of course this Court is bound to follow the precedents of the Supreme Court and the Third Circuit cited by Petitioner but his sentence is not inconsistent with them.  In accordance with both Rutledge and Jackson, Petitioner was not separately sentenced for either § 860(a) or § 841(a)(1).  Petitioner was only sentenced for his violation of 21 U.S.C. § 846, conspiracy, with the Court only noting that § 860(a) and § 841(a)(1) were the offenses that Petitioner conspired to commit.  Additionally, Petitioner was assessed a single special assessment for Count 1,

11

which further shows that Petitioner was not punished twice for the same crime.

Petitioner also takes issue with the eight multiple assessments imposed for his violations of 21 U.S.C. § 843(b), "Use of a Communication Facility to Further a Drug Trafficking Crime."  This was not improper, as the Court did not impose $800 for a single violation of § 843(b), but rather $100 for Petitioner's eight separate and independent violations of § 843(b), which are each accounted for in eight separate counts.[8]

"The Fifth Amendment right to be free from duplicative prosecutions and punishment is a hallmark of American jurisprudence."  Jackson, 443 F.3d at 302.  That hallmark has not been violated here.  Accordingly, the Court cannot find under Strickland that defense counsel's performance was deficient, or that Petitioner has been prejudiced.

---

[8] The Court notes that, standing alone, a challenge to a special assessment does not provide a basis for relief under § 2255.  See U.S. v. Ross, 801 F.3d 374, 380-382 (3d Cir. 2015) (explaining that the "plain text of section 2255 provides relief only to those prisoners who claim the right to be released from 'custody,'" and "the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes."); id. (further explaining, "Because we believe the burden of a special assessment - even one imposed in conjunction with a wrongful conviction - does not amount to 'custody,' Ross is not 'claiming the right to be released' from 'custody' and his special assessment cannot serve as the basis for a claim under section 2255").

**III. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court will deny a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.[9]

**IV. CONCLUSION**

The motion to correct, vacate, or set aside Petitioner's federal conviction will be denied. No certificate of appealability will issue.

An appropriate order will be entered.


Dated: March 23, 2021              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[9] For the same reasons, Petitioner's motion for the appointment of *pro bono* counsel will be denied. See Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993) (explaining that in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law").

13